Abraham J. Gellinoff, J.
In this article 78 proceeding, petitioner landlord challenges respondent Commissioner’s evaluation of petitioner’s ¡apartment building for purposes of a building-wide net annual return rent increase. It urges that respondent improperly valued the building on the basis of its 1961 purchase price, rather than its 1971 assessed value.
The applicable provision of the Rent, Eviction and Rehabilitation Regulations provides:
“a. A landlord may file ¡an application for an increase in maximum rents on the ground that the earned income from the property yields a net. annual return of less than 6 percent of the valuation of the property, as hereinafter defined.
“b. The valuation shall be the assessed valuation established by the City which is in effect at the time of the filing of the application; provided that: * * *
“ (2) The Administrator may make a determination that the valuation of the property is an amount different from the assessed valuation where there has been a bona fide sale of the property within the period between February 1, 1961, and the time of the filing of the application, as a result of a transaction at arms’ length, on normal financing terms, at a readily ascertainable price, and unaffected by special circumstances ” (Rent, Eviction and Rehabilitation Regulations, § 33.5).
The subject premises were purchased by petitioner in October, 1961, at a total purchase price -of $235,000. Both parties agree that the transaction was at arm’s length, on normal financing terms, and was unaffected by special circumstances. The parties also agree that the current assessed value of the building is $270,000.
In May, 1971, petitioner applied for ¡an increase of maximum rent, contending that current rents did not permit it a net annual return of 6%. After evaluating this application, receiving answers from the tenants and a reply from petitioner, conducting a physical inspection of the premises, and conducting an audit of petitioner’s income and expenses, the Department of Rent and Housing Maintenance determined that the 1961 purchase price of $235,000 was the appropriate valuation of the property, and awarded petitioner a rental increase totaling $4,049.04 per year. Petitioner filed a protest, urging that the proper evaluation should have been $270,000, and the total annual increase, therefore, some $2,100 greater. Respondent Commissioner denied the protest, concluding that “ the sales price is a more appropriate index of value and was properly used at audit.”
*757 In this proceeding, petitioner asserts that this determination was “ arbitrary and capricious and an extreme abuse of discretion.” While conceding that the language of the appropriate Bent, Eviction and Behabilitation Begulations gives respondent the option of using the assessed value or the purchase price, petitioner asserts that the intent of the option was to “ permit the Administrator, in his discretion, to find, as a basis for a fair return, a valuation higher than assessed value, not a valuation lower.”
No such intent is manifested by the provision, however. The alternative valuation merely provides the Administrator with an additional possible value besides assessed value, where, in the relatively recent past, a bona fide sale has occurred, which might provide a more realistic evaluation. Nothing in the regulation requires that the sale price be used only if it is higher than the assessed value.
And the record demonstrates that the selection of the lower value was not arbitrary or capricious, the evidence showing that the landlord had made no real improvements in the building since purchasing it, and that the building is situated in a changing neighborhood.
Accordingly, inasmuch as respondent’s determination has a rational basis in the record, and is neither arbitrary nor capricious, the application must be denied, and the petition dismissed (see Matter of Colton v. Berman, 21 N Y 2d 322 [1967]).